IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEDREN BROADUS, | ) | |
| Petitioner, | ) | Civil Action No. 08 - 1337 |
| | ) | |
| vs | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PA, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner, Kedren Broadus, a federal prisoner presently incarcerated at the United States Penitentiary in Jonesville, Virginia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in regards to his Pennsylvania criminal conviction. For the reasons that follow, the Petition will be dismissed as untimely.

### A. Relevant Factual and Procedural History

On January 15, 2005, Petitioner was charged in the Court of Common Pleas of Allegheny County with one count each of Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License and Violation of the Controlled Substance, Drug, Device, and Cosmetics Act: Possession of a Small Amount. He posted bond and was released from state custody that same day. On March 9, 2005, Petitioner was charged with the federal offense of Distribution of Cocaine and remanded into federal custody. On February 16, 2006, Petitioner was sentenced to one hundred and twenty (120) months incarceration for the federal charge. On February 23, 2006, Petitioner was convicted of the state charges and was sentenced to a term of incarceration of not less than twelve (12) months nor more than twenty-four (24) months. Petitioner did not file a direct appeal within the prescribed statutory time limit.

Instead, on December 11, 2006, petitioner filed a *pro se* Notice of Appeal. On January 8, 2007, Patrick J. Nightingale, Esquire was appointed to represent Petitioner. On January

1

22, 2007, Attorney Nightingale filed a Motion to Reinstate Appellate Rights, *Nunc Pro Tunc* and Motion to Modify Sentence, *Nunc Pro Tunc*. On May 23, 2007, treating Petitioner's motion as a Petition for Post Conviction Relief under the Pennsylvania PCRA Act, the Court dismissed the petition. Petitioner filed a Notice of Appeal to the Superior Court of Pennsylvania. On February 8, 2008, the Superior Court affirmed the judgment of the Court of Common Pleas of Allegheny County. Petitioner did not file a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. On September 23, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner did not file any direct appeal from his sentence. Consequently, direct review of Petitioner's conviction became "final" on or about March 27, 2006, *i.e*, the date of the expiration of the thirty-day filing period for filing a timely Notice of Appeal to the Superior Court. *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).[1] Thus,

---

1. *See also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

under the one-year limitations period in AEDPA, the Petitioner had until March 26, 2007 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, Petitioner did not file his federal Habeas Petition until September 23, 2008, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed a PCRA Petition on December 11, 2006. Therefore, his one-year limitations period began running on March 28, 2006 and continued to run until December 11, 2006, when he filed his PCRA petition. From March 28, 2006 until December 11, 2006, two-hundred and fifty-eight (258) days had run on Petitioner's one-year limitations period; one hundred and seven (107) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from December 11, 2006 until March 10, 2008, the expiration of the thirty-day time period in which he could have appealed the determination of the Superior Court affirming the decision of the PCRA Court. His limitations period began running again on March 11, 2008, and ended 107 days later on June 26, 2008. In the case at bar, Petitioner did not file his federal Habeas Petition until September 23, 2008, almost two months after his one-year limitations period expired.[2]

---

2. Notably, in Brown v. Shannon, 322 F.3d 768, 775, n.5 (3d Cir. 2003), the Court of Appeals for the Third Circuit noted that an appeal *nunc pro tunc* may not be deemed "properly filed" under 28 U.S.C. § 2244(d)(2) because such a pleading is filed improperly as a matter of state law. *Accord* Douglas v. Horn, ___ F.3d ___, 2004 WL 231207 (3d Cir. Jan. 12, 2004) (holding that the petitioner's *nunc pro tunc* petition was not properly filed, and that, by extension, neither his motion to reconsider the denial of that petition, nor the time between the two filings, constituted grounds for statutory tolling); Swartz v. Meyers, 204 F.3d at 424 n. 6 ("we agree that

(continued...)

4

Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240

---

2(...continued)
the time during which Swartz's *nunc pro tunc* request for allowance of appeal was pending does not toll the statute of limitation.").

F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

In the instant action, it plainly appears that Petitioner is not entitled to habeas corpus relief because his Petition is untimely. Consequently, it will be dismissed.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that

6

Petitioner did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of appealability will be denied.  An appropriate order follows.

Dated: Feb. 2, 2010

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

cc:   Kedren Broadus
      08398-068
      United States Penitentiary Lee
      PO Box 305
      Jonesville, VA 24263